UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALCOVA INVESTMENT LLC and
ALCOVA YPF JUNIOR INVESTMENTS LLC,

                    Plaintiffs,

    v.

GAGANDEEP LAKHMNA,

                    Defendant.

26 Civ. 4080 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

For the reasons stated on the record at today's conference, the Court grants the application for a preliminary injunction by plaintiffs Alcova Investment LLC and Alcova YPF Junior Investments LLC (collectively, "Alcova"). Specifically:

1. **Removal of Managing Member**: The Court declares that, pursuant to the Operating Agreements governing the five projects at issue, defendant Gagandeep Lakhmna has been lawfully removed as managing member, and shall cease to hold himself out as managing member, of 6801 Canoga LLC ("Canoga"); 1838 Glendale LLC ("Glendale"); Monroe Germantown Holdings LLC ("Monroe Germantown"); 2400 Huntingdon Holdings LLC ("Huntingdon"); and 4242 Crenshaw LLC ("Crenshaw" together with Canoga, Glendale, Monroe Germantown and Huntingdon, the "Entities"). Alcova is to arrange forthwith for the indemnification of Lakhmna consistent with section 7.1(c) of the governing Operating Agreements.

2. **Appointment of Successor Manager**: The Court declares that, pursuant to the Operating Agreements governing the above five projects, AC Equity Manager LLC has been lawfully appointed Successor Manager of the Entities, and, as such, has all powers of a

Managing Member under the Operating Agreements.  Third parties, including senior lenders, title companies, depository institutions, contractors, and governmental authorities, may rely on this Order in recognizing the Successor Manager's authority.

3. **Delivery of Books, Records, Credentials, Etc**.:  Defendant Gagandeep Lakhmna shall, within one week, deliver to the Successor Manager all books, records, prior annual tax filings and other tax documents, bank-account access, keys, credentials, contracts, plans, permits, and other property of the Entities in his possession or control, and shall not interfere with the Successor Manager's management of the Entities, including by issuing stop-work directions, contacting lenders or vendors on behalf of the Entities, or filing or recording any lien or instrument against the Entities except as expressly permitted by law or an Order from this Court.

4. **Transfer or Disposal of Project Assets**:  Defendant Gagandeep Lakhmna is enjoined from transferring, disposing of, or concealing any project assets or funds traceable to any Entity or senior-lender funds.

The Court further directs that the parties actively meet and confer during the next two weeks, with the goals of (1) resolving what, if any, role Lakhmna shall have in the projects going forward, so as to enable the projects to benefit from his experience, relationships, and knowledge about them; and (2) resolving their legal disputes.  To maximize the likelihood that the parties' discussions about a going-forward role for Lakhmna succeed, the Court directs, during the next two weeks, the Successor Manager not enter into any binding agreements with any person or entity other than defendant Gagandeep Lakhmna with respect to filling the general contractor position for any of the five projects.  The Court stands ready to refer this and related cases to the assigned Magistrate Judge for settlement purposes.

By separate order, the Court will schedule a conference in this and any related cases for Tuesday, June 23, 2026, at 3:30 p.m.

SO ORDERED

Dated: June 9, 2026
        New York, New York

HON. PAUL A. ENGELMAYER
United States District Judge